## CIRCUIT COURT OF GREENE COUNTY

Brubach

v.

Hystad

June 24, 2005

BY JUDGE DANIEL R. BOUTON

I set forth below the rulings of the court in connection with the above referenced matter.

### Procedural History

This matter comes before the court based on the complainant's motion to compel. The motion pertains to certain interrogatories propounded to the respondent and to certain questions asked of the respondent when his deposition was taken on April 7, 2005. All of the information sought by the complainant involves adulterous behavior and activities that were allegedly engaged in by the respondent. He has refused to answer the interrogatories and declined to respond to the deposition questions based on his privilege against self-incrimination; this right belongs to any citizen under both the Fifth Amendment to the United States Constitution and Article I, Section 8, of the Constitution of Virginia.

The court heard oral argument on the motion on May 6th in the Orange County Circuit Court. The court has also given full consideration to the written arguments that were submitted by both parties.

### Analysis

Based on the court's letter of June 2nd, the only issue that will be addressed at this time is the argument regarding the one-year statute of

182

limitations that applies to the prosecution of the crime of adultery in Virginia. The complainant asserts that the application of the statute should preclude the respondent from relying on any constitutional privilege as a basis for refusing to respond to questions that pertain to adulterous conduct. She maintains that, for any such conduct for which the period of limitation has passed, the threat of prosecution is eliminated. Therefore, the United States Constitution and the Virginia Constitution are not available to shield the respondent from the inquiry that the complainant seeks to pursue.

In order to rule on the issue before the court, a number of important principles regarding the privilege against self-incrimination must be noted. To begin with, when a dispute concerning the applicability of the privilege arises, it is the court that must first determine whether or not the questions will be answered. The court rather than the witness decides whether silence will be permitted. This point was firmly established in the case of *North Am. Mort. v. Pomponio*, 219 Va. 914 (1979). It was also discussed with approval in *Cunningham v. Commonwealth*, 2 Va. App. 358 (1986). The *Cunningham* court, quoting from the leading case of *Hoffman v. United States*, 341 U.S. 479 (1951), observed the following: "The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself – his say so does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified . . . and to require him to answer if it clearly appears to the court that he is mistaken." *Id.*, at p. 362. The court relied on this same reasoning in the case of *Gosling v. Commonwealth*, 14 Va. App. 158 (1992). In its discussion of the privilege, the court in *Gosling* stated that a witness has no discretion "to frustrate the judicial process by simply asserting it. . . ." *Id.*, p. 165. Before the witness can obtain the benefit of the privilege, the court "must consider the proposed question and its incriminating implications." *Id.*, at p. 165. Next, it is crucial to recognize the precise nature of the protection that is actually available to a witness. On this point, it must be stressed that compelling one to testify is not what is prohibited by the United States Constitution and the Virginia Constitution. Rather, what is protected is the right of a witness not to subject himself or herself to potential prosecution and conviction based on his or her own words. If the words that one utters could subject one to criminal charges brought by the government, then the court must allow the witness to remain silent. On the other hand, if such words are not ones that can result in prosecution and possible conviction, then they are not protected by the privilege against self-incrimination. In short, if what one says cannot be

used to prosecute and convict, then one can be compelled to say it. The privilege has no application to words that could produce embarrassment, discomfort, or ridicule; nor is it available as a tactic to obtain or maintain an advantage in a civil action.

Most important, in evaluating whether the privilege can be invoked, the court must ascertain if the questions in dispute could expose the witness to a legitimate danger of prosecution. It is crucial to emphasize that the privilege does not extend to remote concerns or speculative possibilities. In *Pomponio, supra,* the court cited and followed the rationale of several leading federal cases on this point. All of these cases stress that, before the privilege can be asserted to shield a witness from questions, a showing must be made that the intervention of the government through the criminal justice system is a realistic and significant concern. This same principle was stressed by the Virginia Court of Appeals in *Gosling, supra,* where the court makes reference to "the actual hazard of incrimination" in describing what would justify a reliance upon the privilege. *Id.,* at page 165.

In light of the above discussion, the court will turn its attention to the respondent's attempt to invoke the privilege in the present case. The court finds that any questions regarding adulterous conduct in Virginia that allegedly occurred during any period of time that is more than one year prior to the date that such questions are asked would not be prohibited because of the respondent's privilege against self-incrimination. To begin with, the statute of limitations set forth in Va. Code § 19.2-8 would preclude a conviction for any such act of adultery. Furthermore, the possibility of any charge or prosecution under the circumstances of this case is extremely remote. To conclude that the government would pursue through the criminal justice system any adultery charges against the respondent at this point in time would be nothing more than pure conjecture on the part of the court.

Based on the above analysis, the court will grant the complainant's motion to compel. The specific relief awarded, however, will be subject to certain limitations that are consistent with the scope of the privilege that has been defined in this letter ruling. In this regard, in responding to deposition questions, the respondent will not be compelled to make any statements regarding sexual behavior that could be viewed as felonious under Virginia law. Moreover, he will not be required to respond to any inquiries regarding adulterous conduct that allegedly occurred in a jurisdiction other than Virginia unless such conduct is not criminal where it purportedly took place or unless it is barred by the statute of limitations

that applies in such jurisdiction. Finally, he will not be compelled to answer questions regarding conduct for which prosecution is not barred by the statute of limitations.

The court will now turn to the specific allegations contained in the pleadings and define with further precision the parameters of the relief that will be made available to the complainant. In this case, the complainant asserts that the respondent "has engaged in an eleven year adulterous relationship." The bill of complaint was filed on July 12, 2004. Thus, any deposition that is taken after July 12, 2005, would allow for questions regarding the claims of adultery that arose prior to the commencement of the action that is before the court. At this stage of the case, the court is aware of no dispute between the parties that would require any discovery concerning the conduct of either of them since the date that the action was filed. Therefore, the complainant will be permitted to take the respondent's deposition at a mutually convenient date subsequent to July 12, 2005. The deposition will be conducted in a manner that is consistent with the views expressed by the court.

The court will next turn to the complainant's request for attorney's fees in connection with the motion to compel. On this point, the motion will be denied. In support of this ruling, the court finds that the issues raised by the motion were complex; they have also been the subject of considerable debate and disagreement among trial judges and practicing attorneys. There is very little authority in Virginia that is directly on point and some of the issues have never been explicitly discussed by the Supreme Court of Virginia or the Virginia Court of Appeals. Therefore, pursuant to Rule 4:12(a)(4), "the opposition to the motion was substantially justified. . . ." Moreover, the lack of reliable and established precedent on the issues raised by the motion constitute circumstances that would "make an award of expenses unjust" under the rule.

Finally, since the ruling on the statute of limitations will allow for the discovery that is requested, it is not necessary for the court to resolve the other two disputed issues. The court therefore declines to rule on the constitutionality of Virginia's adultery statute; it also declines to address the assertion of the complainant that the pleadings and discovery responses provided by the respondent thus far constitute a waiver of the privilege by him. Moreover, in light of the views expressed in this letter opinion, counsel should confer with one another on the status of the respondent's motion for leave to amend his pleadings.